ANDRÉS APONTE RIVERA, ETC., demandantes y recurridos, *v.* SEARS ROEBUCK DE P.R., INC., demandada y peticionaria.

*Números:* RE-92-436     *Resueltos:* 2 de abril de 1998
CE-92-537

*Luis Sánchez Betances,* de *Sánchez Betances & Sifre,* abogado de la peticionaria.

## RESOLUCIÓN

Vista la Moción Solicitando Permiso para Presentar Moción de Reconsideración con Página Adicional, *se concede.*

A la moción presentada por la recurrente, Sears Roebuck de P.R., Inc., mediante la cual solicitó reconsideración de la opinión que certificáramos en el caso de epígrafe el 24 de febrero de 1998, *no ha lugar.*

De otra parte, en la sentencia parcial emitida por el Tribunal Superior, Sala de Ponce, se hizo una determinación de temeridad contra la recurrente Sears Roebuck de P.R., Inc. A ésta se le impuso la suma de mil quinientos dólares ($1,500) en concepto de honorarios de abogado por temeridad e intereses desde la fecha de presentación del pleito.

En la opinión mayoritaria que certificara este Tribunal en el caso de epígrafe, la Juez ponente Señora Naveira de Rodón, el Juez Presidente Señor Andréu García y el Juez Asociado Señor Hernández Denton resolvieron que no procedía la imposición de honorarios por temeridad. Por su parte, el Juez Asociado Señor Negrón García emitió una opinión disidente, a la cual se unió el Juez Asociado Señor Rebollo López. En dicha opinión disidente se dispuso que la sentencia recurrida debía ser revocada en su totalidad.

El Juez Asociado Señor Fuster Berlingeri fue el único que estuvo conforme con la determinación del tribunal de instancia. El Juez Asociado Señor Corrada Del Río no intervino.

En la sentencia dictada por este Tribunal en el caso de epígrafe, por error involuntario, se dispuso la confirmación de la imposición de honorarios de abogado por temeridad al estar "igualmente dividido el Tribunal".

En vista de que cinco (5) de los seis (6) Jueces que intervinieron en el caso están de acuerdo en que la parte recurrente no fue temeraria en la defensa del caso, se enmienda *nunc pro tunc* la opinión y sentencia certificada en el caso de epígrafe a los únicos fines de aclarar que no procede la imposición de honorarios de abogado por temeridad hecha por el Tribunal de Primera Instancia, Sala Superior de Ponce.

A estos efectos, se enmienda la primera página de la opinión para eliminar el asterisco del encabezado, y su texto al pie de la página, para que lea:

"Opinión emitida por la Juez Asociada Señora Naveira de Rodón."

Se enmienda, además, el último párrafo de la opinión para que lea:

> Por los fundamentos antes expuestos, *se dictará sentencia para confirmar la sentencia parcial emitida por el entonces Tribunal Superior, Sala de Ponce, en cuanto a la determinación de responsabilidad absoluta de la parte demandada recurrente por los daños causados al demandante por la explosión de la batería, y para revocar aquella parte de la sentencia parcial que impone honorarios por temeridad. Se devuelve el caso al tribunal de instancia para que continúe con los procedimientos en forma compatible con esta opinión y se confirma la resolución del tribunal de instancia que denegó la moción que solicitaba la aprobación de un Memorando de Costas.*

Se enmienda también la sentencia emitida en el caso de epígrafe para que lea:

> Por los fundamentos antes expuestos, *se dictará sentencia*

*para confirmar la sentencia parcial emitida por el entonces Tribunal Superior, Sala de Ponce, en cuanto a la determinación de responsabilidad absoluta de la parte demandada recurrente por los daños causados al demandante por la explosión de la batería, y para revocar aquella parte de la sentencia parcial que impone honorarios por temeridad. Se devuelve el caso al tribunal de instancia para que continúe con los procedimientos en forma compatible con esta opinión y se confirma la resolución del tribunal de instancia que denegó la moción que solicitaba la aprobación de un Memorando de Costas.*

Lo pronunció y manda el Tribunal, y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Fuster Berlingeri emitió una opinión de conformidad en cuanto a la determinación de responsabilidad absoluta de la parte demandada recurrente y disintió en cuanto a la revocación de los honorarios de abogado. El Juez Asociado Señor Negrón García emitió una opinión disidente, a la cual se unió el Juez Asociado Señor Rebollo López. En dicha opinión dispuso que se debería revocar la sentencia en su totalidad. Por consiguiente, ambos Jueces concurren con la determinación de revocar la imposición de honorarios de abogado por temeridad contra la parte demandada recurrente. El Juez Asociado Señor Corrada Del Río no intervino.

*Publíquese.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados Señores Negrón García y Fuster Berlingeri reiteran sus respectivas posiciones. Los Jueces Asociados Señores Rebollo López y Corrada Del Río no intervinieron.

*(Fdo.)* Isabel Llompart Zeno
*Secretaria del Tribunal Supremo*